# BROWNE *v.* DYSON.

PATENTS; INTERFERENCE; RULES OF PRACTICE; PRIORITY; ESTOPPEL.

1. A party to an interference is bound by the allegations of his preliminary statement, and no matter what evidence he may introduce he is limited by the same. (Following *Lowrie* v. *Taylor*, 27 App. D. C. 522.)

2. While D, one of the parties to an interference who has been awarded priority of invention over L and B may have a right to concede L's priority over himself, he cannot thereby establish priority for L over B, the substantial effect of his concession being the abandonment of his own claims and the elimination of himself from the case; and B having proved earlier dates of conception and constructive reduction to practice than L, who remains bound by his preliminary statement, which the Commissioner of Patents has properly denied him the privilege of amending, is entitled to an award of priority. (Citing *Browne* v. *Dyson*, 38 App. D. C. 5.)

3. *Quære.* Whether the Commissioner of Patents has power to grant a rehearing after the time for an appeal from his decision has expired; and, as between two parties to an interference, to permit a concession of priority by one to the other, where the interests of a third party are not affected thereby.

4. One who induces the amendment of a decision of the Commissioner of Patents is estopped to question its validity.

No. 752. Patent Appeals. Submitted November 11, 1912. Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference. *Reversed.*

The facts are stated in the opinion.

*Mr. Charles Neave* and *Mr. Reeve Lewis* for the appellant.

*Mr. Curtis B. Camp, Mr. Melville Church,* and *Mr. Thomas H. Ferguson* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding involving priority of invention of a telephone system, the claims of which are set out in the issue.

There were originally four parties as follows: Sydney Hand Browne, whose application was filed August 29, 1904; Francis W. Dunbar, whose application was filed November 12, 1904; Edmund Land, whose application was filed January 30, 1905; and Alfred H. Dyson, whose application was filed December 20, 1905. Land, Dunbar, and Dyson had assigned their invention to the Kellogg Switch Board & Supply Company, and were represented by the assignee throughout the proceeding.

Land's preliminary statement alleged conception in the latter part of May, 1904, and disclosure in the second week in August, 1904. Browne alleged conception December 25, 1902, and disclosure in January, 1903. Dyson alleged conception January 1, 1904, and disclosure at the same time.

The Examiner of Interferences decided that Browne had conceived the invention and disclosed it at a time prior to July 1, 1904; that Land's conception date was not proved, and that his conception was limited to the date of his disclosure; namely, the second week in August, 1904. He found also that the earlier date alleged for Dyson did not show a conception of the invention, and limited him to his filing date for proof of conception. Land, after the testimony in chief had been taken, had moved to amend his statement so as to carry back his date of conception and disclosure to a date prior to that shown by Browne. Leave to amend was denied, and that denial affirmed on a special appeal to the Commissioner. He renewed this motion on the hearing before the Examiner, and it was again denied. The Examiner of Interferences, therefore, awarded priority to Browne.

The Examiners in Chief on appeal affirmed the refusal of leave to Land to amend, but reversed the award to Browne, and awarded priority to Dyson. Dunbar dropped out of the pro-

ceedings. Browne and Land appealed to the Commissioner, who affirmed the decision of the Examiners in Chief. Land, who had again raised the question of leave to amend, entered an appeal to the court of appeals, but later entered a formal withdrawal of the same. Browne entered no appeal.

After the time for taking an appeal had elapsed, Dyson and Land filed a joint petition with the Commissioner. In this they represented that the Commissioner had awarded priority to Dyson over Browne, because the latter had been wanting in diligence, even though his conception be assumed to be prior to Dyson's; that Land could not prevail, because limited by his statement to a date later than that awarded to Dyson; that Browne took no appeal from that decision; that an appeal was noted by Land in order to protect the interest of his assignee in the event that Browne should appeal, but the same was abandoned when Browne failed to appeal; that the evidence of Land, tending to show an earlier conception than that of either Browne or Dyson, had not been considered; that believing that Land had conceived and reduced to practice before Browne or Dyson, the accompanying concession of priority is submitted "in order that the way may be clear to award priority of invention to Land over Dyson, Dyson having been awarded priority to Browne." They prayed that the interference be reopened, and that the decision of October 8, 1910, be set aside and modified to the extent of setting aside the award of priority to Dyson as against Land, and awarding priority to Land. The concession of priority is in the following words: "I, Alfred H. Dyson, a party to the above-entitled interference, hereby concede priority of the invention involved in said interference to the party Land."

Notice having been served on Land and Browne, the latter appeared and opposed the petition. It was granted, the Commissioner vacating the former decision "in so far as it relates to priority between Dyson and Land, and in view of the concession of priority accompanying this petition, it is adjudged that Land is the prior inventor."

Browne appealed from the decision. When the transcript had been filed in this court by Browne, appellee entered a motion

to dismiss the appeal. This was denied for the reasons given in the opinion of this court delivered December 7, 1911, which contains also a history of the proceedings in the Patent Office. *Browne* v. *Dyson,* 38 App. D. C. 5.

It was then held, assuming the power of the commissioner to reopen the case, and amend his former judgment in a proper case, that the effect of the amended judgment awarding priority to Land on the concession of Dyson was the setting aside of the former judgment and the entry of a new judgment awarding priority to Land over Browne as well as Dyson.

The evidence supports the decision of the Examiner of Interferences, that Browne conceived the invention and disclosed it to others before the earliest date that can be given to Land under the allegations of his preliminary statement and the evidence pertinent thereto. The Examiners in Chief decided against Browne on the ground that he was not using diligence when Dyson entered the field. Land is bound by the allegations of his preliminary statement, and no matter what evidence he might introduce he is limited by the same. *Lowrie* v. *Taylor,* 27 App. D. C. 522–525, and cases there cited.

Without an amendment of his statement he had no foundation for his claim of priority, and the refusal of leave to amend was within the discretion of the Commissioner; a discretion which, instead of being abused, was properly exercised under all the circumstances. There was no grant of leave to amend when the final decision was rendered; nor was there any ground therefor. As said in the opinion on the motion, it is immaterial what motive prompted Browne's failure to appeal from the decision in favor of Dyson. Land as well as himself was bound thereby. As said in the former opinion: "While Dyson may have had a perfect right to concede Land's priority over himself, he could not establish his priority over Browne by such concession. The issue of priority as between Browne and Land had not been decided."

Assuming Dyson's right to concede priority to Land over himself, he could not, as against Browne, substitute Land to his award of priority over the latter. The substantial effect of his

concession, as carried into effect by the final judgment entered, was an abandonment of his claims and the elimination of himself from the case. His concession of priority to Land could not put the latter in his shoes in respect of dates of conception, actual or constructive reduction to practice. As against Browne he remained bound by his preliminary statement, and Browne was entitled to priority over him then, as before, by reason of his proof of earlier conception and constructive reduction to practice.

The complications in this case have resulted from the fact that a single assignee held the claims of each of Browne's competitors, putting one or the other forward as might be deemed to best subserve the assignee's interest. Fearing, apparently, that Browne's acquiescence in the original award to Dyson, through failure to appeal therefrom, was due to an apprehension that he anticipated his ability to show in an infringement suit, that Dyson, at least, was not the original inventor, the assignee brought about the concession in favor of Land, in its futile attempt to give him the benefit of Dyson's award of priority over Browne.

Any hardship that may result from the failure to accomplish this purpose will not accrue to the applicants, who are but nominal parties to the interference, but to the assignee who has brought it upon himself.

In coming to a conclusion, we have assumed the power of the Commissioner to grant a rehearing after the time for appeal from his decision has elapsed, and, as between two parties concerned, to permit a concession of priority by one to the other, where the interests of a third party are not affected thereby. The assignee of Dyson and Land, who made the application inducing the amendment to the former decision is estopped to question its validity.

Considering Dyson, then, as out of the litigation by his own voluntary action, that Land can be awarded no date earlier than claimed in his preliminary statement, and that Browne has shown an earlier date than Land, we are of the opinion that

Browne is, under all the conditions stated, entitled to be declared the first inventor, and priority is awarded to him.

The decision appealed from will, therefore, be reversed, and the clerk will certify this decision to the Commissioner of Patents.             *Reversed.*